The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71857
Dear Senator Ross:
This is in response to your request for an opinion on four questions regarding Act 777 of 1991 and the use of a sales and use tax to finance the collection and disposal of solid waste in Columbia County. You indicate in your request that the county and its municipalities have determined that they wish to enter into a contract with a private concern for the collection and disposal of solid waste and to finance the undertaking with a sales and use tax. Your questions will be restated and addressed in the order posed.
Your first question is:
 (1) Pursuant to Act 777 of 1991, which act is codified as A.C.A. § 26-73-113, may Columbia County, pursuant to approval by the voters of the County, pass a one percent sales and use tax and pledge all revenues from such tax to the collection and disposal concerns, and use a portion of such tax for the construction and maintenance of a recycling plant and a compost plant?
Act 777 of 1991, codified at A.C.A. § 26-73-113 (Cum. Supp. 1991), provides:
 (a)(1) In lieu of any other municipal or county sales and use tax, the governing body of any municipality or county may adopt an ordinance levying a tax in the amount of one-fourth of one percent (.25%), one-half of one percent (0.5%), three-fourths of one percent (.75%), or one percent (1%) upon all taxable sales of property and services subject to the tax levied by the Arkansas Gross Receipts Act and upon the privilege of storing, using, distributing, or consuming within this state any tangible personal property which is subject to the Arkansas Compensating Tax Act.
 (2) The proceeds of a tax levied under this section may be used to:
 (A) Finance the operation or maintenance of capital improvements; and
 (B) Secure the repayment of bonds by the municipality or county.
Section 6 of Act 777 of 1991 points out that the levy of a sales and use tax computed on a fraction of one percent (1%) would be a feasible alternative for some cities and counties in financial crisis, but that the law has previously restricted counties and cities to a one percent (1%) sales tax. Thus, it appears that the primary purpose of Act 777 of 1991 was to permit the levy of a sales and use tax on a fraction of (1%) to finance the "operation or maintenance" of capital improvements or to secure the repayment of bonds by a municipality or county.
In my opinion, Columbia County may not pass a sales and use tax pursuant to Act 777 of 1991, pledge all revenues from such tax to the collection and disposal of solid waste, and use a portion of the revenue for the construction and maintenance of a recycling plant and a compost plant. As set out above, the proceeds from a sales and use tax levied pursuant to Act 777 must be pledged to finance the "operation or maintenance" of capital improvements or to secure the repayment of bonds by the county. See A.C.A.26-73-113(a)(2) (Cum. Supp. 1991). Pledging the revenue to a private concern for the collection and disposal of solid waste in Columbia County would not appear to satisfy this requirement. The term "capital improvement" is defined in A.C.A. §14-164-303(a)(2) (Cum. Supp. 1991) to include, among other things:
 sewage collection systems and treatment plants; maintenance and storage buildings and facilities; incinerators;
 garbage and solid waste collection disposal, compacting, and recycling facilities of every kind. . . .
This definition of a capital improvement may not, in my opinion, be stretched to encompass the general collection and disposal of solid waste. Further, while a recycling plant and a compost plant would appear to come within the above definition of "capital improvement," the construction of such plants might not be considered the "operation or maintenance of a capital improvement" and, thus, might not be a permissible use of the revenue from a sales and use tax levied pursuant to Act 777. Accordingly, it is my opinion that Columbia County would not be authorized to levy a sales and use tax under Act 777 and pledge the revenue therefrom in the proposed manner.
Your second question is:
 (2) What portion, if any, of the sales and use tax must be pledged toward a capital improvement such as a recycling plant and a compost plant?
The language of A.C.A. § 26-73-113 (Cum. Supp. 1991), set out above, does not specify what percentage of the sales and use tax levied pursuant thereto must be pledged toward the operation or maintenance of a capital improvement. As already noted, the proceeds of such a tax may also be used to secure the repayment of bonds issued by the municipality or county. Presumably, it would be permissible for a county to pledge all of the sales and use tax revenues to the repayment of bonds and none to the operation or maintenance of a capital improvement, or some to each.
Your third question is:
 (3) Pursuant to Act 777 of 1991, or any other applicable statutes, may the County use sales and use tax revenues in order to pay a private concern to pick up and dispose of solid waste within the County without the construction of a physical plant or other capital improvement and without the issuance of bonds?
As previously stated, I can find no authority in Act 777 of 1991 for the use of Columbia County sales and use tax revenues to pay a private entity to collect and dispose of solid waste within the county.[1] The presence or absence of a capital improvement or a bond issue would not, in my opinion, alter this conclusion. The only provision that might authorize a sales and use tax for this purpose is A.C.A. § 26-74-201 to -223 (1987 and Cum. Supp. 1991), assuming that the collection and disposal of solid waste by a private concern is something for which county general funds may be used. See A.C.A. § 26-74-214(c) (Cum. Supp. 1991). Your opinion request, however, indicates that Columbia County may already have a general sales and use tax under this provision, although the proceeds may be devoted temporarily to the retirement of bonds issued for the construction and maintenance of Lake Columbia, pursuant to A.C.A. § 14-164-337 (Cum. Supp. 1991). The existence of one general sales and use tax under A.C.A. §§ 26-74-201 to -223 would appear to preclude the levy of another tax under its provisions. See Op. Att'y. Gen. No. 88-227. The remaining statutes authorizing county sales and use taxes generally limit the use of proceeds therefrom to the financing of capital improvements and the retirement of bonds issued by the county. See generally Atty. Gen. Op. No. 88-227; A.C.A. §14-164-327 (Cum Supp. 1991); A.C.A. § 26-73-113 (Cum. Supp. 1991). While A.C.A. § 26-74-402 (Cum. Supp. 1991) authorizes a one-half percent (.5%) county sales and use tax for any purpose for which the county general fund or county road fund may be used, the authorization only extends to counties not having a countywide one percent (1%) sales and use tax on March 14, 1991, which your opinion request indicates would not include Columbia County. Further, while A.C.A. § 14-164-338 (Cum. Supp. 1991) appears to authorize the levy of a sales and use tax for a twenty-four month period without the issuance of bonds, it is limited to sales and use taxes levied to finance capital improvements of a public nature, which I have already stated would not, in all likelihood, include the payment to a private concern for the collection and disposal of solid waste within the county.
Your fourth question is:
 (4) A.C.A. § 14-164-303, states that a capital improvement includes . . .' garbage and solid waste collection and disposal, compacting and recycling facilities of every kind.' Act 777 of 1991 states that the tax can be used for
 `maintenance.' Could Columbia County construct a recycling facility and compost plant, which would be a very small capital expenditure, and use the remaining of the proceeds of the sales and use tax to pay a private contractor for the collection and disposal of solid waste without the issuance of bonds and finance such solid waste program by a sales and use tax?
My answers to your previous questions indicate that the answer to this question is "no" regardless of whether bonds are issued. As previously noted herein, Act 777 of 1991 would not, in my opinion, authorize use of the revenue from a sales and use tax levied thereunder for the collection and disposal of solid waste by a private entity. Additionally, as I have already noted, it must be questioned whether the "construction" of a capital improvement such as a recycling facility or compost plant would be a permissible use of revenue derived from a county sales and use tax levied pursuant to Act 777.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch
[1] It should be noted that fees and service charges may be imposed upon county residents for the cost of operating a county solid waste management system. See A.C.A. § 8-6-212(b) (Cum. Supp. 1991).